UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN HOUSTON HAYES, GREG KNAPP, and MARK PANOZZO,<br><br>Plaintiffs,<br><br>v.<br><br>DEPUY SYNTHES SALES, INC., et al.,<br><br>Defendants. | No. 2:15-cv-01200-TLN-DB<br><br>**ORDER DENYING REQUEST TO SEAL** |

This matter is before the Court on Defendants DePuy Synthes Sales, Inc., Johnson & Johnson Services, Inc., Synthes, Inc., and Synthes USA Sales, LLC's (collectively "Defendants") unopposed request to seal. (ECF No. 56.) Defendants request the Court seal Exhibit 25 to Defendants' motion for summary judgment (ECF No. 50). Exhibit 25 is a confidential settlement agreement entered into in a separate court action. Defendants submitted a proposed redacted version which consisted of large black boxes over the entirety of the agreement except for two sections — section 7 and 8. For the reasons set forth below, the Request to Seal (ECF No. 56) is DENIED.

Ninth Circuit precedent recognizes a strong common law presumption in favor of public access to court records. *See, e.g.*, *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). Defendants bear the burden of overcoming this presumption by demonstrating

1

there is a "compelling reason" for sealing the requested items. *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "To seal the records, the district court must articulate a factual basis for *each compelling reason* to seal." *In re Midland Nat. Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012) (emphasis added).

Here, Defendants have not provided compelling reasons for sealing the entirety of the confidential settlement agreement absent sections 7 and 8. Defendants propound three reasons the Court should seal Exhibit 25. First Defendants contend confidential settlement agreements are precisely the type of discovery contemplated under Federal Rule of Civil Procedure 26(c) which courts have discretion to protect. Second, Defendants argue the agreement contains an express confidentiality provision and Defendants would be significantly disadvantaged in resolving future disputes if this agreement is available. Finally, Defendants assert the request is narrowly tailored to protect the privacy of the parties and what is redacted is irrelevant to the action.

First, the Ninth Circuit explained in *Kamakana* that during discovery parties need only show "good cause" to seal documents pursuant to Federal Rule of Civil Procedure 26(c). *Kamakana*, 447 F.3d at 1179–80. However, "a 'good cause' showing will not, without more, satisfy a 'compelling reasons' test." *Id.* at 1180. Thus, Defendants' reliance on protective orders and Federal Rule of Civil Procedure 26(c) is misplaced as the standard is heightened when the documents are attached to dispositive motions. *Id.*

The last two arguments may be discussed as one. "Precisely what constitutes a 'compelling interest' is not easily defined." *Republican Party of Minnesota v. White*, 416 F.3d 738, 749 (8th Cir. 2005) (en banc). The Court is aware that "[t]he federal common law right of access is not absolute, and is not entitled to the same level of protection accorded a constitutional right." *San Jose Mercury News, Inc. v. U.S. Dist. Court--N. Dist. (San Jose)*, 187 F.3d 1096, 1102 (9th Cir. 1999). Nevertheless, the point remains that the precise contours of what makes an interest "compelling" are somewhat hard to define. However as explained by *Kamakana*:

> In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such court files might have become a vehicle for improper

>     purposes, such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets.

*Kamakana*, 447 F.3d at 1179 (some internal quotation marks omitted).

Upon review Defendants' arguments — that making the information publically available would disadvantage Defendants in future negotiations of settlements and that the information is irrelevant — do not fit into either of the enumerate categories. Furthermore, Defendants do not outline a compelling reason to seal each portion of the settlement agreement, but rather block out the entire agreement that does not suit their ends. A simple review of the document shows that not all of the sections need to be redacted. For example, Section 1 of the agreement is merely a description of the parties involved in the settlement agreement. The Court without more cannot seal the document and permit the redactions as provided. Defendants bear the burden to explain with specificity the compelling reasons for redacting each section. Defendants have failed to do so.

Accordingly, Defendants' Request to Seal (ECF No. 56) is hereby DENIED without prejudice. Defendants may refile the request once they have provided appropriate compelling reasons for each portion of the document which they seek to redact and determine a suitable amount of redaction.

IT IS SO ORDERED.

Dated: December 8, 2017

Troy L. Nunley
United States District Judge